Dane R. HAYWARD, Plaintiff-Appellant,

v.

Curtis L. HENDERSON et al., Defendants-Appellees.

No. 78–1246.

United States Court of Appeals, Ninth Circuit.

June 11, 1980.

I. Singh Aulakh, Visalia, Cal., for plaintiff-appellant.

Steven D. McGee, Kimble, MacMichael, Jackson & Upton, Fresno, Cal., for defendants-appellees.

Before TRASK and SKOPIL, Jr., Circuit Judges, and THOMPSON,* District Judge.

BRUCE R. THOMPSON, District Judge.

This is an appeal from an order granting summary judgment in favor of the defendant-appellees on the appellant's claim that, as an employee of a CETA-funded program, 29 U.S.C. §§ 801–992 (Comprehensive Employment & Training Act of 1973), he enjoyed a "property" interest in being afforded notice and the opportunity to be heard before being discharged. See 29 C.F.R. § 98.26 (1976).

Recent cases are uniform in their rejection of the contention that the CETA requirement of notice and an opportunity to be heard, 29 C.F.R. § 98.26, gives rise to a

constitutionally protected "property" interest. *Gooley v. Conway*, 590 F.2d 744, 746 (8th Cir. 1979), aff'g, 452 F.Supp. 399 (E.D.Mo. 1978); *Hark v. Dragon*, 611 F.2d 11 (2nd Cir. 1979), aff'g, 477 F.Supp. 308 (D.Vt.); *Maloney v. Sheehan*, 453 F.Supp. 1131, 1141 (D.Conn. 1978). The reasoning underlying these decisions is sound and is adopted by this Court:

"Plaintiff bases his claim of a property interest on the CETA regulation which required written notice and an opportunity to respond to charges before termination. He argues that the regulation gave him a right to continued employment unless and until these procedures were followed. This argument, however, loses sight of 'the decisive distinction between procedure and substance.' *Shirck v. Thomas*, 486 F.2d 691, 692 (7th Cir. 1973). A law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged. For example, if discharge can only be for 'just cause,' an employee has a right to continued employment until there is just cause to dismiss him. See *Arnett v. Kennedy*, 416 U.S. 134, 151–52, 94 S.Ct. 1633 [1642–43], 40 L.Ed.2d 15 (1974) (opinion of Rehnquist, J.). But the CETA regulation allowed an employer to discharge an employee for any reason or for no reason at all. A guarantee of procedural fairness does not establish a property interest. *Lake Michigan College Federation of Teachers v. Lake Michigan Community College*, 518 F.2d 1091, 1095–96 (6th Cir. 1975), cert. denied, 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197 (1976); *Suckle v. Madison General Hospital*, 499 F.2d 1364, 1366 (7th Cir. 1974); *Shirck v. Thomas*, supra; *Weathers v. West Yuma County School District R–J–I*, 387 F.Supp. 522, 558 (D.Colo. 1974), aff'd, 530 F.2d 1335 (10th Cir. 1976)." . . .

*Maloney v. Sheehan*, 453 F.Supp. at 1141. To confer on CETA participants an ongoing right to continued CETA employment would be fundamentally at odds with the overall scheme of the Act, which looks to

---

\* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

the training of unemployed individuals with an eye towards their eventual assimilation into the unsubsidized labor force. See 29 U.S.C. § 823(f); 29 C.F.R. § 94.1(a). In 1978, Congress amended CETA to limit the benefits any individual may receive under CETA to a maximum of eighteen months of public service employment in any given five-year period. 29 U.S.C. § 824(h).

Whatever administrative remedies the appellant may have (29 U.S.C. § 818(b)(2); 29 C.F.R. §§ 98.40 et seq.; see *Serghini v. City of Richmond*, 426 F.Supp. 326 (E.D.Va. 1977)), he has failed to demonstrate the existence of a constitutionally protected "property" interest, deprivation of which would entitle him to damages.

Affirmed.