Major D.M. EDWARDS, Plaintiff-Appellee, Cross-Appellant,

v.

Lee P. BROWN, individually, and in his official capacity as Commissioner of Public Safety of the City of Atlanta, Georgia, Defendant-Appellant, Cross-Appellee.

No. 81–7841.

United States Court of Appeals, Eleventh Circuit.

March 7, 1983.

Marva Jones Brooks, W. Roy Mays, III, Irmina Rivero Owens, Atlanta, Ga., for defendant-appellant, cross-appellee.

Robert E. Price, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from a grant of summary judgment by the trial court in favor of the plaintiff, a former officer in the Bureau of Police Services of the City of Atlanta against the Commissioner of Public Safety. The judgment was based on a determination by the trial court that, although the Commissioner had legal authority to hire and fire officers of the Bureau of Police Services of the city, his right to fire the plaintiff Edwards could not be exercised by him until "after trial" by virtue of Section 11–2031 of the Code of Ordinances of the City of Atlanta.

A brief statement of the case enables us to focus on the only issue before us: Does Section 2031 or the due process clause of the Constitution give every officer of the Bureau the right to a trial before he may be discharged by the Commissioner?

There is no dispute that Edwards was a Major in the Bureau on December 10. He had become an employee of the Bureau in 1961, but resigned from the force in 1968 to take a job in the Department of Finance of the City. In 1971, he returned to the Bureau in the civilian, non-sworn position of criminal justice planner. That position was later reclassified by the City Council to the position of police major in 1972, a "sworn" position. Appellee took that position and was later promoted to deputy director in 1978. In August 1979, he was transferred back to the rank of major and remained in that rank until the time of his termination. On December 10, 1979, Edwards delivered to Commissioner Brown a letter resigning or taking early retirement to be effective December 31, 1979. The letter contained twelve paragraphs highly critical of the operation of the Bureau of Police Services and Department of Public Safety. Considering that the letter contained unwarranted accusations of wrongdoing and that Edwards had lost his effectiveness as an officer in the department, Brown sent Edwards a copy of the following "personnel action:"

Pursuant to the authority invested in me under Section 11–2001 of the Code of Ordinances of the City of Atlanta, Major D.M. Edwards is removed from the rank of major, effective immediately. December 10, 1979 is his last working day.

s/ Lee P. Brown
Commissioner, Department
of Public Safety

Effective date 12/10/79

Thereafter, Edwards wrote a letter purporting to withdraw his December 10 letter of resignation and subsequently filed a grievance in which he treated the notice to him of December 10 as a notice of discharge. The grievance procedure was not followed in accordance with the requirements of the City Code and Brown notified the officer that, as final arbiter, he ruled against the grievance.

The cited Section 11–2001 in the December 10 notice to Edwards provides as follows:

> The commissioner of public safety, referred to in this chapter as "commissioner," or his designee, is hereby authorized, in his discretion, to make assignments to the positions of detective, major and deputy director within the bureau of police services, without reference to competitive examinations or eligible lists. Any detective, major or deputy director so designated may be removed or transferred at the pleasure of the commissioner. Such person so removed or transferred shall thereupon reassume the rank or title in the bureau of police services held immediately prior to his or her assignment under this section.

Although this provision does not speak in terms of discharging an employee from the department or bureau completely, but only in terms of a removal or transfer at the pleasure of the commissioner, it is apparent that the commissioner thought that under this provision he had the power to discharge Edwards from the service. The district court concluded that since Edwards had held the position of deputy director immediately before his appointment to the position of major in the Bureau the absolute power of the Commissioner to "remove" Edwards automatically entitled him to reassume the rank of deputy director and that the action of the Commissioner in actually terminating Edwards' service in the Bureau amounted to a "discharge" which could be accomplished only under Section 11–2031 of the City Code. That section provides:

> The director, and other officers of the bureau shall be appointed by the Commissioner to serve without any fixed term of employment and subject to the terms of these provisions and other applicable laws and regulations. They shall serve during good behavior and efficient service, to be judged by the Commissioner or a designee. They may be discharged, after trial as provided by law or regulation.

The trial court construed this statute to provide that Edwards could be discharged only after a trial.

The appellant contends that Section 11–2031 limits the power of the Commissioner to discharge such an employee only to the extent that where appropriate law or regulation provides for a trial for such employee he can be discharged only after such a trial. Appellant asserts that there is no law or regulation that makes provision for a trial before discharge of an officer in the position of deputy director of the Bureau of Police Services.

In order for the appellant's construction of the code section to be acceptable to us, it seems necessary for us to find some provision in the applicable law or regulations that makes provision for a trial for some employees covered by the City's personnel regulations. Brown points to such a regulation. He points to Section 11–1010, the section setting out the grievance procedures for the Bureau of Police Services, as answering the question whether pre-discharge trial proceedings are provided for any employee of the Bureau. That section prescribes narrowly constructed day-by-day progression of a grievance from the employee to his or her immediate supervisor and thence, unless, as in this case, the supervisor is himself the bureau chief, to that official, and thence to the Commissioner as a final arbiter for resolution of the grievance. This section then contains the following significant provision:

> The final paragraph of the commissioner's letter will differ significantly depending upon the grieving employee's sworn/non-sworn status:

1. If the grieving employee is sworn, the last paragraph will advise the grievant that the commissioner's decision is not subject to any further administrative appeal, but that the grievant could seek redress in the civil courts on his/her own initiative and expense. Copies of this letter will be distributed to the bureau director/chief, the immediate supervisor, the employee's personnel files, the DP's legal advisor, and the city attorney's office.

2. If the grieving employee is non-sworn, the last paragraph will advise the grievant that the commissioner's decision could be appealed to the civil service board as per civil service rules and regulations. Copies of this letter will be distributed to the commissioner, the bureau director/chief, the deputy director, the immediate supervisor, the employee's personnel file, the DPS legal advisor, the city attorney's office, and the civil service board.

In this case, the grieving employee is sworn. Thus, his rights are "significantly" different from the rights of a non-sworn employee who is given the right to appeal to the civil service board. Such an appeal, under personnel regulations of the city, as found in Chapter XIX, Grievance and Appeal Procedures, gives to the employee the "right to be represented before such board by any individual of such employee's choice." This then, Brown contends, is the situation contemplated under Section 11–2031 where such an employee cannot be discharged without a trial. It applies only to non-sworn officers.

The need to construe this section is apparent, since all parties agree that this action under 42 U.S.C. § 1983 can be sustained only by showing that Edwards was discharged by state action in a manner that denied him a right to due process under the Fourteenth Amendment to the Constitution of the United States. The parties also agree that in order to prevail Edwards must show that he had what amounts to tenure in his job, that is an individual property interest in his continued employment. The parties also agree that it is necessary to look to state law to define such individual's property interest. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). *See also Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ If the trial court correctly interpreted Section 11–2031 as requiring a trial before any employee of the Bureau of Police Services could be discharged, then we would agree that the ordinance did create such property interest in Edwards' continued employment until he had been given the opportunity to have a trial.[1] However, we accept the position stated by the appellant to the effect that a trial is guaranteed only to those persons as to whom "trial [is] provided by law or regulation." We conclude therefore that nothing in the ordinance or regulations requires any trial by virtue of the provisions of Section 11–2031.

We must still consider, however, whether under the terms of his employment that he "shall serve during good behavior and efficient service, to be judged by the commissioner or a designee," Edwards had a reasonable expectation of continued employment until there had been a determination after notice and hearing that he had not measured up to the objective standards of "good behavior and efficient service."

The Court of Appeals for the Fifth Circuit, by whose opinions we are bound[2] has held that "the Georgia Supreme Court has

1. We are at a loss to understand what kind of a trial the trial court may have thought Edwards was entitled to, unless it was to be equated with an appeal to the city's civil service board which is provided for a non-sworn officer. But clearly Edwards was not entitled to that trial, for he was a sworn employee and under the provisions of paragraph 1 of the quoted text above, he is not entitled to that kind of a proceeding.

2. This Court looks to the decisions of the Court of Appeals for the Fifth Circuit as binding precedent unless and until overruled or modified by this Court en banc. *Bonner v. City of Pritchard, Alabama, et al.*, 661 F.2d 1206 (11th Cir.1981).

held that the civil employment which allows termination only 'for cause' creates an expectation of continued employment that is constitutionally protected." *Glenn v. Newman,* 5 Cir., 614 F.2d 467, 471, *citing Brownlee v. Williams,* 233 Ga. 548, 212 S.E.2d 359, and the court then stated that where a discharge could be effected only for certain named grounds "the specified reasons listed in the regulations are meant to be analogous to allowing termination only 'for cause.'" *Id.* at 471. *See also Thurston v. Dekle,* 5 Cir., 531 F.2d 1264 at 1273. We conclude, therefore, that Edwards could be discharged only for cause.

■ Here, however, there is something more than the right of the commissioner to discharge for cause, since following the statement of the standards of "good behavior and efficient service" in the ordinance are the words "to be judged by the commissioner or a designee." Such language seems clearly to indicate the purpose of the city in its ordinance to give directions to the commissioner that, although he could discharge only for the stated reasons, he was the person in whom was placed the power to determine whether the reasons existed. It would have been a simple matter for the sentence to have continued after the words "to be judged by the commissioner or a designee" by such words as "after notice and hearing" or "after trial" if that had been the purpose of the ordinance. Since, under Georgia law, a person holding such a position as that filled by Major Edwards could be discharged "at the will" of the commissioner if so provided by ordinance, *Bailey v. Dobbs,* 227 Ga. 838, 183 S.E.2d 461 (1971), we conclude that Edwards could be discharged under the peculiar language of this ordinance when the latter "judged" him not to have acted consistent with "good behavior and efficient service." Instead of providing for a discharge for cause, we equate this provision with a discharge "at the will" of the commissioner. Under such circumstances, as stated by the Georgia court in *Wright v. Gamble,* 136 Ga. 376, 378, 71 S.E. 795 (1911), "in such a case no formality such as the preferring of charges against, or the grant of a hearing to the incumbent, are necessary to the lawful exercise of the discretionary power of removal."

We are compelled, therefore, to conclude that Edwards held no property interest in his position as major or as deputy director of the Bureau of Police in the Department of Public Safety at the time of his discharge. The trial court's decision that he was entitled to a trial under the ordinance must be reversed. There being no property right in the position otherwise, the judgment must be reversed.

JUDGMENT REVERSED. Remanded with directions to dismiss the complaint.

CLARK, Circuit Judge, dissenting:

I would interpret the City Ordinances, to the extent that is possible in light of their convoluted and anything-but-straightforward nature, differently from the majority. Initially, I note the inapplicability of section 11–2001, cited by Commissioner Brown in his discharge letter as authority for his action. That section pertains only to demotions of certain officers. Section 11–2031, entitled "Appointment; terms of employment and discharge of employees," controls the discharge of appointed employees.[1]

As the majority opinion states, the last two sentences of section 11–2031 provide, "[The director and other officers of the bureau] shall serve during good behavior and efficient service, to be judged by the commissioner or a designee. They may be discharged, after trial as provided by law or

---

1. Section 11–2034 also addresses the issue of the commissioner's authority to discharge "members of the bureau of police services." That section provides for a discharge "in accordance with applicable rules and regulations of the bureau." Those rules and regulations apply to "all sworn personnel ... and to all other employees ... when applicable." Rules and Regulations of the Bureau of Police Services (1976) (repealed and replaced 1980). Because section 11–2031, pertaining to the discharge of "[t]he director, and other officers of the bureau," also limits the discharge sanction to "after trial as provided by law or *regulations*" (emphasis supplied), this case does not require that the two sections be distinguished.

regulations." I read this section to provide that although the commissioner is given the power to judge the good behavior of his officers, and thus their term of service, that determination is protected by a right to challenge such determination at a trial of the kind provided by law or regulation. The inquiry then becomes whether such law or regulation in fact exists.

Sections 11–1008, 1009, and 1010 establish grievance procedures for all employees of the department of public safety. Section 11–1008 explains that the procedure set out is in accordance with section 11–1002.[2] Section 11–1010 enumerates the procedural steps to be taken by an employee having "a grievance relating to his/her employment." The final step provides for a review by the commissioner who then advises the employee of his decision by letter.

The final paragraph of the commissioner's letter will differ significantly depending upon the grieving employee's sworn/non-sworn status[3]:

1. If the grieving employee is sworn, the last paragraph will advise the grievant that the commissioner's decision is not subject to any further administrative appeal, but that the grievant could seek redress in the civil courts on his/her own initiative and expense....

2. If the grieving employee is non-sworn, the last paragraph will advise the grievant that the commissioner's decision could be appealed to the civil service board as per civil service rules and regulations....

Atlanta City Code sec. 11–1010 (Ord. No. 1978–74, 11/24/78) (footnote supplied).

I construe section 11–1010 to be the "law or regulation" providing for the trial referred to in section 11–2031. The majority holds that section 11–1010 provides a right of redress to the non-sworn employee but does not so provide for the sworn employee. I disagree. The right to bring a civil trial rather than appeal to the civil service board gives a sworn employee a vested interest in his job just as the additional administrative appeal does to the non-sworn employee.[4] For this reason, I respectfully dissent.

---

2. Section 11–1002 authorizes the commissioner to formulate rules and regulations for the operation of the various departments under his control. These rules and regulations, which apply to all sworn employees and all others when applicable, in turn authorize the commissioner to discipline, including dismiss, employees for any violation of the promulgated rules. Thus, it appears that such disciplinary action by the commissioner would be subject to the grievance procedures. Since here Commissioner Brown discharged Edwards for loss of effectiveness, albeit citing the wrong ordinance, Edwards ostensibly violated the department's rules and regulations concerning satisfactory performance. *See, e.g.,* Rules and Regulations of the Bureau of Police Services 1.25 (1976).

3. The position of major is a sworn position.

4. Subsequent to withdrawing his resignation, Edwards filed a grievance based on his "discharge" by Commissioner Brown. As the majority notes, "[t]he grievance procedure was not followed in accordance with the requirements of the City Code and Brown notified the officer that, as final arbiter, he ruled against the grievance." No evidence was introduced of a letter by the commissioner advising Edwards of his right to "appeal" that decision to the civil courts. Brown does not contend that Edwards is barred from suing because he did not exhaust administrative remedies.