**Richard DORR, Plaintiff-Appellant,**

v.

**COUNTY OF BUTTE; Butte County Sheriff's Department; Mick Grey, individually and as Deputy Sheriff of Butte County, et al, Defendants-Appellees.**

No. 85–2247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1986.

Decided July 30, 1986.

James W. Lewis, Sacramento, Cal., for plaintiff-appellant.

Philip B. Price, Price, Price, Brown & Halsey, Chico, Cal., for defendants-appellees.

Before SNEED, FARRIS and FERGUSON, Circuit Judges.

FARRIS, Circuit Judge:

After being discharged from his position as a probationary regular employee with the Butte County Sheriff's Department, Richard Dorr commenced this action alleging, *inter alia*, that defendants had deprived him of liberty and property without due process of law in violation of 42 U.S.C. § 1983. The district court granted summary judgment in favor of defendants on Dorr's federal claims and dismissed the pendent state claims. Dorr timely appealed the district court's holding that he lacked a protected property interest in his continued employment. This court has jurisdiction under 28 U.S.C. § 1291.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). To prevail on the claim that his termination constituted a denial of property without due process of law, Dorr must demonstrate that he had a protected interest in continued employment.

State law defines what is and what is not property: "Property interests ... are not created by the Constitution. . . . [T]hey are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . ." *Id.* at 577, 92 S.Ct. at 2709.

Under California law, a "permanent employee," dismissible only for cause, has "a property interest in his continued employment which is protected by due process." *Skelly v. State Personnel Board,* 15 Cal.3d 194, 207–08, 539 P.2d 774, 783–84, 124 Cal. Rptr. 14, 23–24 (1975). While "a probationary (or nontenured) civil service employee, at least ordinarily, may be dismissed without a hearing or judicially cognizable good cause," *Lubey v. City and County of San Francisco,* 98 Cal.App.3d 340, 345, 159 Cal. Rptr. 440, 443 (1979); *see also Murden v. County of Sacramento,* 160 Cal.App.3d 302, 308, 206 Cal.Rptr. 699, 702 (1984); *Wilkerson v. City of Placentia,* 118 Cal. App.3d 435, 441–42, 173 Cal.Rptr. 294, 298 (1981), an employee who has completed her probationary period ordinarily has a legitimate claim of entitlement to continued public employment. *Mendoza v. Regents of the University of California,* 78 Cal. App.3d 168, 175, 144 Cal.Rptr. 117, 121 (1978).[1]

Viewing the evidence in the light most favorable to Dorr, we must determine *de novo* whether the existence of a genuine issue of material fact precluded entry of summary judgment and, if not, whether defendants were entitled to judgment as a matter of law. *Canfield v. Sullivan,* 774 F.2d 1466, 1467 (9th Cir.1985). "[Q]uestions of state law are reviewable under the same *de novo* standard as are questions of

---

1. The Butte County Personnel Rules do not explicitly provide that a probationary employee may be dismissed at will. That a probationary employee, under California law, "ordinarily" has no protected interest in continued employment, *Lubey, supra.,* does not relieve us of the duty of inquiring into whether *these* personnel rules give a probationary employee such an interest. We disagree with Judge Ferguson's view that Dorr's reading of the Personnel Rules only warrants summary rejection.

federal law." *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

Dorr complains that by granting summary judgment the district court denied him the right to establish, as a factual matter, that what the county termed an unappealable probationary rejection was really disciplinary in nature. Probationary rejection, he argues, may be predicated only upon the appointing authority's opinion that an employee has failed to demonstrate satisfactory performance in his position. Dorr contends that he was discharged not because his superiors were dissatisfied with his job performance, but because he was arrested. This, he insists, constitutes a disciplinary dismissal. He considers the distinction pivotal because disciplinary dismissal (1) is conditioned upon reasonable cause, and (2) is appealable.

The Butte County Merit System and Personnel Rules plainly distinguish between disciplinary dismissal and "probationary rejection." Disciplinary action may be taken only "for reasonable cause" and requires notice and an opportunity to be heard. It is appealable as of right. Even a probationary employee "may appeal disciplinary actions and discriminatory actions." On the other hand, probationary rejection may be based on the appointing authority's subjective evaluation of the employee's performance and is not appealable.[2]

■ In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the Supreme Court made it clear that a substantive property right cannot be delimited by the procedures provided for its determination:

> [T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty.

*Id.*, 105 S.Ct. at 1493. It follows that a substantive property right cannot exist exclusively by virtue of a procedural right. *See also Olim v. Wakinekona*, 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) ("The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right."); *Henderson v. Sotelo*, 761 F.2d 1093, 1097 (5th Cir.1985) (while violation of procedures upon which removal of public employee is conditioned might give rise to some nonconstitutional cause of action against employer, procedures would not create a property interest which otherwise did not exist); *Wells v. Hico Independent School District*, 736 F.2d 243, 252–55 (5th Cir.1984) (rejecting claim of terminated elementary school teachers that school's grievance and evaluation procedures gave them an expectation of continued employment), *cert. dismissed*, —— U.S. ——, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985); *Hughes v. Whitmer*, 714 F.2d 1407, 1413–14 (8th Cir.1983) (whether transfer of police officer was disciplinary, and thus violated regulations requiring that a hearing be held before disciplinary action was taken, was immaterial to procedural due process claim which turned on existence, *vel non*, of protected property interest), *cert. denied*, 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *Hayward v. Henderson*, 623 F.2d 596, 597 (9th

---

2. The Rules define probationary rejection as "the termination ... of an employee who in the opinion of the appointing authority fails to demonstrate satisfactory performance in [his] position."

Cir.1980) (quoting *Maloney v. Sheehan,* 453 F.Supp. 1131, 1141 (D.Conn.1978) ("A guarantee of procedural fairness does not establish a property interest.")). The right of a probationary employee to appeal disciplinary action does not give rise to a protected property interest.

One question remains: Do the Personnel Rules give a probationary employee a reasonable expectation of continued employment by conditioning dismissal on either (1) a subjective finding by the appointing authority that the employee has failed to demonstrate satisfactory performance in his position, or (2) objectively reasonable cause? If they do, Dorr had a property interest in his continued employment: "A law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged.... [I]f discharge can only be for 'just cause,' an employee has a right to continued employment until there is just cause to dismiss him." *Hayward v. Henderson,* 623 F.2d at 597 (quoting *Maloney v. Sheehan,* 453 F.Supp. at 1141).

The power of the appointing authority to determine, on a purely subjective basis, whether a probationary employee has performed satisfactorily undercuts any expectation of continued employment that might otherwise arise by virtue of the requirement that disciplinary dismissal be grounded upon objectively reasonable cause. *See Blanton v. Griel Memorial Psychiatric Hospital,* 758 F.2d 1540 (11th Cir.1985) (where appointing authority alone determined existence of reasons upon which dismissal of probationary employee could be conditioned, employee effectively served at the will of the appointing authority); *Edwards v. Brown,* 699 F.2d 1073, 1077 (11th Cir.1983) (employee effectively served "at the will" of the commissioner where ordinance provided that he could be discharged only on enumerated grounds but existence of enumerated grounds was "to be judged by the commissioner or his designee"); *Burns v. Sullivan,* 619 F.2d 99, 104 (1st Cir.) (no property interest in eligibility list where promoting officer had substantial discretion to consider subjective factors),

*cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980), *cited with approval in Stana v. School District of the City of Pittsburgh,* 775 F.2d 122, 127 (3d Cir.1985). Under the circumstances here, Dorr served at the will of the appointing authority. He had no reasonable expectation of continued employment. It is therefore immaterial whether his "probationary rejection" was in reality a "disciplinary dismissal."

AFFIRMED.

FERGUSON, Circuit Judge, concurring specially:

I concur but write separately because I view the case in a light different from that of the majority. My view is set forth by the following explanation:

1. Plaintiff was hired as a deputy sheriff with a one-year probationary status.

2. Less than a month later he was charged with violating California Penal Code § 134, a felony. That statute penalizes using false documents and preparing false evidence.

3. He was then terminated as an employee of the county for the stated reason of "probationary rejection."

4. Subsequently, he was acquitted of the charges in a jury trial.

5. He brought suit against the defendants, pursuant to 42 U.S.C. § 1983, claiming a violation of his property and liberty rights.

6. In California, a probationary employee has a liberty interest if the termination is based on charges of misconduct that stigmatize his or her reputation or seriously impair his or her opportunity to earn a living. *Lubey v. City & County of San Francisco,* 98 Cal.App.3d 340, 345, 159 Cal. Rptr. 440, 443 (1979). However, plaintiff does not appeal the liberty right issue, so it is not before us in this appeal.

7. The sole issue before us is whether the district court erred in holding that the plaintiff, as a probationary employee, did not have a continued expectation of em-

ployment and therefore held no property right in his employment.

8. State law defines what is property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579, 92 S.Ct. 2701, 2710, 33 L.Ed.2d 548 (1972).

9. In California, a probationary public employee does not have a property right in continued employment. *Luby*, 98 Cal. App.3d at 345, 159 Cal.Rptr. at 443.

10. Personnel rules create a constitutionally protected property interest only if their procedural requirements were intended to have a substantial restriction on decisionmaking. *See Clemente v. United States*, 766 F.2d 1358, 1364–65 (9th Cir. 1985).

11. The Butte County personnel rules provide that probationary employees may be terminated at will. They do not create a substantial restriction on decisionmaking as they pertain to probationary officers.

12. The county personnel rules do not give the plaintiff a property right.