983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles B. BRUCE, III, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS; James Rowland,
Director, Department of Corrections; Otis Thurman, Warden,
California Institution for Men; Robert Bales, Assoc.
Warden, et al., Defendants-Appellees.
 No. 91-55093.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided Dec. 1, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles B. Bruce, III, a California Department of Corrections ("CDC") correctional officer, appeals pro se the district court's summary judgment in favor of the CDC, Warden Thurman, Chief Deputy Walker, and CDC Correctional Lieutenant Jones (collectively "defendants") in his 42 U.S.C. § 1983 action challenging his salary reduction and loss of his limited-term staff sergeant position. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). We may affirm a grant of summary judgment on any ground supported by the record. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1313 (9th Cir.1989).
 
 II
 Merits
 
 5
 Bruce contends that: (1) the adverse actions were taken in retaliation for his union activities and because he called defendant Thurman a liar; and (2) his federal due process rights were violated when he was denied a hearing prior to his demotion.
 
 A. Retaliation Claim
 
 6
 On a motion for summary judgment, the moving party bears the burden of showing, through affidavits or other evidence, that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his complaint, but must, through affidavits or other evidence, set forth specific facts showing that there is genuine issue for trial. Fed.R.Civ.P. 56(e); see also Schowengerdt v. United States, 944 F.2d 483, 489 (9th Cir.1991) (in opposing summary judgment on claim of retaliation by government officials, plaintiff must provide specific evidence establishing retaliation and cannot merely rely on allegations in his complaint).
 
 
 7
 Here, the record indicates that the defendants filed declarations of prison officials showing there was no genuine issue for trial on Bruce's retaliation claim. In response to these declarations, Bruce merely realleged that the adverse actions were taken in retaliation for his prior union activities and for his having called one of the defendants a liar. Bruce presented no other evidence which would support his claim of retaliation and thus failed to sustain his burden in opposing defendants' summary judgment motion on this issue. Thus, the defendants are entitled to summary judgment on this claim. See Schowengerdt, 944 F.2d at 489.
 
 
 8
 B. Due Process Claim: Denial of a Predeprivation Hearing
 
 
 9
 Bruce contends that genuine issues of material fact exist as to whether his federal due process rights were violated by the defendants when they allegedly denied him a predeprivation hearing concerning his demotion from the staff sergeant position. We disagree.
 
 
 10
 "The procedural due process protections of the fourteenth amendment apply only when a constitutionally protected liberty or property interest is at stake." Soranno, 874 F.2d at 1316. A constitutionally protected property interest in continued employment exists if discharge can only be for cause. Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir.1987); Dorr v. County of Butte, 795 F.2d 875, 877 (9th Cir.1986).
 
 
 11
 "When a government-created property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." Raditch v. United States 929 F.2d 478, 480 (9th Cir.1991) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)). California due process protections do not require more. See, e.g., Skelly v. State Personnel Bd., 539 P.2d 774 (1975).
 
 
 12
 Here, the district court found, and the parties agree, that Bruce could only be demoted for cause, giving him a constitutionally protected property interest in his employment. The record indicates that Bruce was afforded all of the predeprivation process he was due. Bruce was given notice of the adverse actions and an opportunity to respond in writing to the charges against him. See Raditch, 929 F.2d at 480. Bruce did in fact respond in writing to the charges against him. After the department denied him a hearing and upheld the demotion and pay reduction, Bruce appealed to the State Personnel Board. He later voluntarily withdrew his appeals. The record indicates Bruce was aware of and pursued his predeprivation procedural rights, but voluntarily declined to pursue any further procedural remedies. The district court properly granted summary judgment for the defendants on Bruce's due process claim.
 
 
 13
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3