57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jane DALY, Plaintiff-Appellant,
v.
Cecil ANDRUS, Individually and as the Governor of the State
of Idaho; Department of Employment, for the State
of Idaho, Defendants-Appellees.
 No. 94-35542.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided June 14, 1995.
 
 1
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 * Assuming Daly established a prima facie case, she did not carry her burden of demonstrating that "a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994).
 
 
 4
 Defendants explained that the Governor viewed Kilgrow and Daly as a management team, and his decision to change the direction of management at the Department therefore required the termination of both. Daly failed to present "specific, substantial evidence" which would permit a rational trier of fact to find this explanation pretextual. Id. at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). It was undisputed that there were morale problems at the Department. It was also undisputed that Daly enjoyed a close working relationship with Kilgrow and spent more time than other administrators in closed door meetings with Kilgrow. The evidence that Daly's division was well managed is irrelevant; even if there were no problems in Daly's division, Daly presented no evidence to controvert the Governor's contention that he reasonably perceived her as second in command and therefore equally responsible for the overall management problems in the Department. The Governor's concerns about Daly's possible misuse of government travel privileges are irrelevant; there was no evidence that these concerns played any role in Daly's termination.
 
 
 5
 The Governor's reference to Daly as "that woman from the Y" is descriptive only and gender neutral on its face, and Daly presented no evidence that the context in which it occurred supported an inference of discriminatory intent. Compare Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). The Governor's comparison of Daly to his own wife (assuming, as we must, that the comparison was drawn) was too remote in time to be relevant to Daly's termination. There was no evidence of a "consistent pattern of [discriminatory] behavior" on the Governor's part. Lam v. University of Hawai'i, 40 F.3d 1551, 1563 (9th Cir.1994). The evidence of a "smear campaign" is irrelevant, since there was no evidence the Governor knew of any gender-based hostility within the Department. Compare id. at 1560 (hostility of an individual within an organization relevant where the decision was made by a committee that included that individual).
 
 II
 
 6
 The district court properly granted summary judgment on Daly's claims under 42 U.S.C. Sec. 1983. Under Idaho law, Daly was an "exempt employee" serving at the will of the Director rather than a classified civil servant entitled to the protections of the state's merit system law, Idaho Code Sec. 72-1333(c), and therefore did not enjoy a property interest in continued employment. See Dorr v. County of Butte, 795 F.2d 875, 878 (9th Cir.1986); Gardner v. Evans, 110 Idaho 925, 936-37; 719 P.2d 1185, 1196-97 (1986). This is true whether or not the Governor had the authority to fire Daly under state law--purely procedural rules regarding the manner of termination cannot give an at-will employee a legitimate expectation of continued employment. Dorr, 795 F.2d at 877; Russillo v. Scarborough, 935 F.2d 1167, 1171 (10th Cir.1991). The district court correctly concluded that the Governor's recitation of "management concerns" as the reason for Daly's termination was not sufficiently stigmatizing to implicate a constitutionally protected liberty interest. See Hyland v. Wonder, 972 F.2d 1129, 1142 (9th Cir.1992); Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1100-01 (9th Cir.1981).
 
 III
 
 7
 The district court did not err in striking from the Report and Recommendation of the magistrate judge the statement that the Governor had no authority to fire Daly under state law. Because Daly was not entitled to relief on her Sec. 1983 claims even if the Governor was subject to suit in his individual capacity, the statement was unnecessary to the result.
 
 IV
 
 8
 It was not error to award costs to the defendants. Although prevailing defendants in civil rights actions are entitled to attorney's fees only if the claims were frivolous, EEOC v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993) (Title VII); Hyland, 972 F.2d at 1143 (Sec. 1983), they are entitled to recover costs "as a matter of course" under Fed.R.Civ.P. 54(d) as in any other action. National Org. for Women v. Bank of California, 680 F.2d 1291, 1294 (9th Cir.1982).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3