91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy DEES, an individual, Plaintiff-Appellant,
v.
CITY OF RENO, a governmental entity; Richard Kirkland,
individually and in his official capacity as Chief of the
Reno Police Department; Thomas Robinson, individually and
in his official capacity as Deputy Chief of Police of the
Reno Police Department; James Weston, individually and in
his official capacity as Deputy Chief of the Reno Police
Department; James Weston, individually and in his official
capacity as Deputy Chief of the Reno Police Department; Ron
Glensor, individually and in his official capacity as Deputy
Chief of the Reno Police Department; Nile Carson,
individually and in his official capacity as Deputy Chief of
the Reno Police Department, Defendants-Appellees.
 No. 95-15392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided July 8, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Timothy Dees appeals the district court's grant of summary judgment in favor of defendants City of Reno, former Police Chief Richard Kirkland, and deputy chiefs Thomas Robinson, Nile Carson, James Weston and Ron Glensor, in his § 1983 case arising out of defendants' refusal to reinstate him as a police officer. We affirm.
 
 
 4
 The district court's grant of summary judgment to the city and its officers on the issue of liability was not erroneous. First, Dees fails to raise a triable issue regarding his claim to a constitutionally-protected property interest in reinstatement as a police officer. See Dorr v. County of Butte, 795 F.2d 875, 876 (9th Cir.1986). Contrary to Dees' contention, § 9.130 of the City Charter did not create such an interest. Section 9.130 protected only civil service rating, not civil service status after an employee leaves a civil service position. In addition, Dees fails to present any evidence of mutually explicit understandings to support his claim. See Orloff v. Cleland, 708 F.2d 372, 377 (9th Cir.1983); Haimowitz v. University of Nevada, 579 F.2d 526, 528 (9th Cir.1978). Second, Dees fails to produce evidence raising a triable issue regarding a protected property interest based upon a failure to warn. Moreover, he has produced no evidence of an official policy or custom of not warning employees that they are about to lose property rights of any sort. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978). The district court correctly granted summary judgment to the city and its officers.
 
 
 5
 The district court also correctly granted summary judgment to the individual officers, and denied Dees' partial motion for summary judgment, on the issue of qualified immunity. Dees fails to show that a right to reinstatement or a right to a warning was clearly established at the relevant time. See Sloman v. Tadlock, 21 F.3d 1462, 1467 (9th Cir.1994).
 
 
 6
 We affirm the district court's denial of Dees' motion for additional discovery under Fed.R.Civ.P. 56(f). Dees' Rule 56(f) motion concerned his liberty interest claim, but he appeals only the decision on his property interest claim. We also affirm the court's denial of his motion to amend the complaint because the motion was untimely and the amendment was meritless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3