141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margo SHERER; State of Oregon; ex rel Margo Sherer,
Plaintiffs-Appellants,
v.
Louis CARLSON, Judge; R.J. French, Commissioner; Donald
C.J. McElligott, Commissioner, Morrow County;
Marilyn Childers, Defendants-Appellees.
 No. 96-36237.
D.C. No. CV-95-00174-ALH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 5, 1998**.
Decided March 24, 1998.
 
 1
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 
 
 2
 Before FERNANDEZ, RYMER and TASHIMA Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 Margo Sherer appeals the district court's grant of summary judgment in favor of Judge Louis Carlson, Commissioner C.J. McElligott, Marilyn Childers, and Morrow County (collectively referred to as the County) in Sherer's action brought under 42 U.S.C. § 1983 and Oregon state law. Sherer claims that she was denied procedural due process when her appointment as Morrow County Tax Collector was revoked. We disagree, and affirm the district court's grant of summary judgment.[1]
 
 
 5
 Procedural due process requires that a person who is subject to adverse government action receive notice of the charges against him, an explanation of the public entity's evidence, and an opportunity to be heard. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). An individual is only entitled to procedural due process, however, if he was deprived of a protected property or liberty interest. See Clements v. Airport Auth., 69 F.3d 321, 331 (9th Cir.1995). Sherer had no such interest because state law does not confer one upon her. She points to what are, at best, ambiguous references in the county's personnel manual, but in cases of doubt courts must resolve them against a "guarantee [of] permanent employment." Crampton v. Harmon, 20 Or.App. 676, 687, 533 P.2d 364, 369 (1975); see also Allen v. City of Beverly Hills, 911 F.2d 367, 371-72 (9th Cir.1990). Moreover, even if the personnel manual did create some property rights in county employees, as opposed to elected officials like Sherer, an issue we do not decide, the evidence and the behavior of Sherer and the County over many years demonstrates beyond peradventure that she was not an employee. Because Sherer did not have a protected property interest in her continued position as Tax Collector, her due process claim fails. See Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993); Dorr v. County of Butte, 795 F.2d 875, 876 (9th Cir.1986). Further, even if she had a property interest, Sherer received all the procedural process she was due, both before and after the County revoked her tax collector duties. See Loudermill, 470 U.S. at 547-48, 105 S.Ct. at 1496.[2]
 
 
 6
 Sherer also argues that the district court erred in finding that she did not provide sufficient evidence to support her usurpation of office claim under Oregon Revised Statutes section 30.510. However, on the record of this case, Sherer cannot establish that she was unlawfully removed from office, a necessary element of that claim.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both parties seek attorney's fees on appeal under 42 U.S.C. § 1988. We find the issues close enough that no award of attorney's fees will be made. See Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991)
 
 
 [2]
 For similar reasons Sherer has not shown any breach of contract under Oregon law