**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH STAMPFLI, | No. 23-15346 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-01566-WBS-DMC |
| v. | |
| STEVE J. STUMP, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| SUSANVILLE SANITARY DISTRICT; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted March 25, 2024[**]
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Steve Stump appeals the district court's order denying his motion for summary judgment on the basis of qualified immunity and granting Deborah Stampfli's motion for partial summary judgment on the basis that she was not an at-will employee at the time of her termination. We have jurisdiction to review the denial of qualified immunity pursuant to 28 U.S.C. § 1291, and we have pendent jurisdiction to review the district court's grant of partial summary judgment as the corresponding issue is "inextricably intertwined" with "other issues properly before the court." *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000). We affirm.

**1.** When assessing whether an official is entitled to qualified immunity, we engage in a two-prong inquiry. "First, we must determine whether the official violated a constitutional right." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "Second, we must determine whether the right was clearly established such that a reasonable official would [have] known that he was engaging in unlawful conduct." *Id.* (citing *Aguilera v. Baca*, 510 F.3d 1161, 1167 (9th Cir. 2007)). "If an official reasonably believed that his conduct was lawful, qualified immunity applies." *Id.* (citing *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001)).

**2.** *First*, the district court did not err in concluding that Stump violated Stampfli's procedural due process rights.

2

As an initial matter, Stampfli properly established that she had a protected property interest in her continued employment because she was not an at-will employee at the time of her termination. Indeed, the Susanville Sanitary District's policies provide that an individual is entitled to for-cause protection from termination (in addition to other procedural safeguards), provided they are a permanent employee. And this court's precedent establishes that those associated protections do not terminate without proper notice. *See McGraw v. City of Huntington Beach*, 882 F.2d 384, 388 (9th Cir. 1989). Here, the record demonstrates that Stampfli was a permanent employee. Even viewing all evidence in the light most favorable to him, Stump fails to raise a genuine dispute of material fact concerning whether Stampfli was given proper notice that she would be surrendering her pre-existing employment protections simply by accepting her promotion to Assistant General Manager/Office Administrator. Thus, Stampfli was entitled to procedural safeguards prior to her termination.

Because it is undisputed that Stampfli was not afforded any procedural safeguards prior to her termination, the district court did not err in concluding that Stump violated Stampfli's procedural due process rights. The district court also properly granted Stampfli's motion for partial summary judgment.

**3.** *Second*, the district court did not err in determining that Stampfli's rights were clearly established at the time of her termination. Our precedents have long

3

established that a "'permanent employee,' dismissible only for cause, has 'a property interest in [her] continued employment which is protected by due process.'" *Dorr v. Butte Cnty.*, 795 F.2d 875, 876 (9th Cir. 1986) (quoting *Skelly v. State Personnel Bd.*, 15 Cal. 3d 194, 207–08 (1975)); *see also Beckwith v. Clark Cnty.*, 827 F.2d 595, 597 (9th Cir. 1987); *McGraw*, 882 F.2d at 389. Our precedents also establish that procedural protections for permanent employees may not be removed without proper notice to the employee. *See McGraw*, 882 F.2d at 388 ("[I]t is very difficult to accept an argument that the City Council intended 'permanent employee' status, once earned, to terminate *sub silentio* upon promotion, once again subjecting the promoted employee to the risks of what is essentially the 'at-will' employment status."). And one can violate clearly established law "even in novel factual circumstances." *Bonivert v. City of Clarkston*, 883 F.3d 865, 872 (9th Cir. 2018). Thus, at the time of Stampfli's termination, it was clearly established that terminating a public employee who was afforded for-cause protections by district policy on the basis that she lost her for-cause protections solely due to offhand, mistaken remarks made at a board meeting would violate that employee's due process rights.

**4.** *Finally*, Stump has failed to demonstrate that, viewing the evidence in the light most favorable to Stampfli, "a reasonable official in [Stump's] position could have believed that his conduct was lawful." *Levine*, 525 F.3d at 907. Indeed,

4

"[w]hen the law is clearly established, as here, the qualified immunity defense fails 'since a reasonably competent public official should know the law governing his conduct.'" *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982)). Thus, summary judgment on the basis of qualified immunity was appropriately denied by the district court.

**AFFIRMED.**