**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

RICHARD A. PALM,
             *Plaintiff-Appellant*,


v.


LOS ANGELES DEPARTMENT OF WATER AND POWER, a government agency; JAMES GRADEN, an individual; MARK ASHFORD, an individual,
            *Defendants-Appellees.*

</td>
<td>

No. 16-55691

D.C. No.
2:15-cv-03533-
PSG-PLA


OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Filed May 10, 2018

Before: Paul J. Kelly, Jr.,\* Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Callahan

---

\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's order (1) granting defendants' motion to dismiss; (2) denying plaintiff leave to amend his third amended complaint; and (3) denying plaintiff's motion for reconsideration in his 42 U.S.C. § 1983 action alleging that the Los Angeles Department of Water and Power terminated his employment in a probationary promotional position without due process of law in violation of the Fourteenth Amendment.

The panel held that based on the plain language of the Los Angeles Charter, the Los Angeles Civil Service Rules, and Circuit precedent, plaintiff lacked a protected property interest in his probationary employment as Steam Plant Maintenance Supervisor. He therefore could not maintain a claim under the Fourteenth Amendment based on his termination from that position and his return to his permanent position as Steam Plant Assistant.

### COUNSEL

Allen B. Felahy (argued) and Franklin L. Ferguson Jr., Felahy Trial Lawyers APC, Los Angeles, California, for Plaintiff-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kristine A. Moon (argued), Deputy City Attorney; Anat Ehrlich, Assistant City Attorney; Joseph A. Brajevich, General Counsel, Water and Power; Michael N. Feuer, City Attorney; Office of the City Attorney, Los Angeles, California; for Defendants-Appellees.

---

## OPINION

CALLAHAN, Circuit Judge:

Richard Palm appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Palm claims that his employer, the Los Angeles Department of Water and Power ("LADWP"), terminated his employment in a probationary promotional position without due process of law in violation of the Fourteenth Amendment. We reject Palm's claim because we hold that Palm lacked a constitutionally protected property interest in his probationary position.

## I.

Plaintiff-Appellant Palm began working for Defendant-Appellee LADWP as a Steam Plant Assistant in 1987. On December 31, 2012, Palm was promoted to Steam Plant Maintenance Supervisor, which commenced a six-month probationary period in the new position. Palm thereafter allegedly made several complaints to his immediate supervisor, Defendant-Appellee James Graden, about LADWP's noncompliance with state and federal health, safety, and labor laws. Among other things, Palm alleges that Graden unlawfully altered Palm's time records. When Palm confronted Graden, Graden allegedly reproached him and threatened repercussions if Palm did not drop the issue.

After working in his probationary position for five months, Palm was given the choice of either "forced resignation" or termination from the probationary position. Palm chose to resign his position as Supervisor, after which he returned to his permanent job as Steam Plant Assistant. Palm then initiated an action against LADWP and Graden in California superior court, claiming whistleblower retaliation in violation of California Labor Code § 1102.5.[1]    The superior court sustained a demurrer on the state law claim, but allowed Palm to amend his complaint to assert a civil rights claim for *Monell* liability under 42 U.S.C. § 1983. LADWP then removed the action to federal district court. The district court granted LADWP's motion to dismiss the *Monell* claim, but allowed Palm to amend his complaint again.

In his third amended complaint ("TAC"), Palm added Defendant-Appellee Mark Ashford, a Plant Manager, to his action, and introduced another new claim: that LADWP, Graden, and Ashford had retaliated against him for exercising his First Amendment rights.  LADWP filed a motion to dismiss the TAC for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)), which the court granted with prejudice.  The court held that Palm failed to plead a plausible free speech claim because Palm's speech was not a matter of public concern.

Palm then sought leave to amend his complaint a fourth time to assert another new theory, and the one that is before us on appeal: that Defendants' threatened termination of Palm from his probationary position violated his Fifth and

---

[1] Palm also filed an administrative complaint listing thirty-three conflicts with his supervisors during the probationary period.  That proceeding is not at issue in this appeal.

Fourteenth Amendment due process rights. The district court denied him leave to amend. The court found that amendment would be futile because Palm could not state a due process claim. First, the court summarily dismissed Palm's Fifth Amendment claim on the ground that Defendants are not federal actors. Second, the court determined that Palm could not state a Fourteenth Amendment claim because he lacked a property interest in his probationary position. The court then dismissed Palm's action with prejudice.

Undeterred, Palm filed a motion for reconsideration, which the district court denied because it found no clear error in its decision dismissing the action. *See* Fed. R. Civ. P. 60(b). Indeed, the court deemed it plain that Palm lacked a property interest in his probationary position.

Palm timely appealed the district court's orders granting LADWP's motion to dismiss, denying him leave to amend his TAC, and denying his motion for reconsideration.

## II.

### A.

We review an order granting a motion to dismiss for failure to state a claim de novo. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). We review a denial of a motion for reconsideration and denial of leave to amend for abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). That said, "[w]hether such a denial rests on an inaccurate view of the law and is therefore an abuse of discretion requires us to review the underlying legal determination *de novo*." *Id.* (citation omitted). Finally, we review questions of state law

de novo. *McGraw v. City of Huntington Beach*, 882 F.2d 384, 387–88 (9th Cir. 1989).

**B.**

Palm's appeal focuses on his claim under the Fourteenth Amendment.[2] To prevail, Palm must demonstrate a constitutionally protected property interest in his probationary position. *See Nozzi v. Hous. Auth.*, 806 F.3d 1178, 1190–91 (9th Cir. 2015) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972)). "It is well settled that the procedural due process protections of the Fourteenth Amendment apply only to deprivations of property interests, the existence and dimensions of which 'are defined by existing rules or understandings that stem from an independent source such as state law.'" *McGraw*, 882 F.2d at 389 (quoting *Roth*, 408 U.S. at 577). "A [state] law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged." *Dorr v. Cnty. of Butte*, 795 F.2d 875, 878 (9th Cir. 1986) (internal quotation marks omitted). "If discharge can only be for 'just cause,' an employee has a right to continued employment until there is just cause to dismiss him." *Id.* (internal quotation marks and alteration omitted). Whether a property interest exists is therefore informed by the process involved in terminating an employee, rather than any talismanic labels applied to a particular position—e.g., whether it is permanent or probationary. Indeed, "an important factor in deciding the property interest question is to determine whether the applicable state law restricts the grounds on which an employee may be discharged such that

---

[2] To the extent Palm presses his Fifth Amendment claim on appeal, we reject it for the reasons articulated by the district court.

*even a probationary employee* could have a reasonable expectation of continued employment."[3] *McGraw*, 882 F.2d at 390 (emphasis added; internal quotation marks omitted).

Because the City of Los Angeles is the employer in this case, our review of "applicable state law" turns on an analysis of the City's charter and applicable personnel rules.[4] *See id.* In interpreting these authorities, we apply California law governing rules of statutory instruction. *Id.* at 387–88. "In California, the fundamental rules of statutory construction apply in interpreting municipal enactments." *Id.* at 388 (citing *DeYoung v. City of San Diego*, 147 Cal. App. 3d 11, 17–18 (1983)).

> In construing the [enactments] we must first ascertain the intent of the City Council so as to effectuate the purpose of the law, and then give the relevant provisions a reasonable and common sense interpretation consistent with the apparent purpose and intention of the local lawmakers. Additionally, significance should be attributed to every word, phrase,

---

[3] We observe that "[t]he categories of substance and procedure are distinct," meaning that "'[p]roperty' cannot be defined by the procedures provided for its deprivation . . . ." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Thus, the procedures governing termination inform rather than conclusively determine whether a substantive property interest exists. *See Dorr*, 795 F.2d at 877.

[4] Because cities derive their power to enact local charters from the State, city charters constitute the law of the State itself. *See* CAL. CONST. art. XI, §§ 1(b), 3(a), 5(a)–(b). The Los Angeles Charter grants the Board of Civil Service Commissioners the authority to "promulgate civil service rules to carry out the purposes of this Article [in the Charter] in accordance with applicable law." Los Angeles Charter & Admin. Code § 1004 (effective Apr. 8, 2011).

sentence and part of an act in pursuance of the
legislative purpose, as the various parts of a
statutory enactment must be harmonized by
considering the particular clause or section in
the context of the statutory framework as a
whole.

*Id.* (citing *DeYoung*, 147 Cal. App. 3d at 17–18) (internal
citation omitted).

The texts of the Los Angeles Charter and Los Angeles
Civil Service Rules indicate that probationary positions held
by city employees are not vested with a protected property
interest. Section 1016(a) of the Los Angeles Charter
provides that "[n]o person in the classified civil service shall
be discharged . . . except for cause . . . ." Los Angeles
Charter & Admin. Code § 1016(a) (effective Apr. 8, 2011).
At first blush, the "for cause" condition rings of a property
interest in civil service positions. But not all civil service
positions are alike, as reflected by the section titled
"Termination During Probation." *See id.* § 1011(b). That
provision, § 1011(b), establishes a distinct procedure for
probationary employment. It provides that "[a]t or before
the expiration of the probationary period, the appointing
authority may terminate the probationary employee by
delivering written notice of termination to the employee
assigning in writing the reasons for the termination." *Id.*
Critically, § 1011(b) does not require that "discharge can
only be for 'just cause.'" *Dorr*, 795 F.2d at 878 (internal
quotation marks omitted). Instead, it allows LADWP to
terminate probationary employment based only on a
subjective finding that the employee has demonstrated
unsatisfactory performance—a fact that cuts sharply against
a finding of a property interest in the probationary position.
*Id.* at 878 (collecting cases). Indeed, in *Dorr*, we observed

that "[t]he power of the appointing authority to determine, *on a purely subjective basis*, whether a probationary employee has performed satisfactorily undercuts any expectation of continued employment that might otherwise arise by virtue of the requirement that disciplinary dismissal be grounded upon objectively reasonable cause." *Id.* (emphasis added).

Section 1.26 of the Civil Service Rules similarly explains that "PROBATIONARY PERIOD means the working test period during which an employee is required to demonstrate his/her fitness by the actual performance of the duties and responsibilities of his/her position and during which he/she may be terminated *without right of appeal* to the Board of Civil Service Commissioners." Rules of the Board of Civil Service Commissioners § 1.26 (revised through Aug. 2012) (emphasis added) ("Los Angeles Civil Service Rules"). We have previously found that termination procedures lacking any right to an appeal proceeding demonstrate a lack of a property interest in a probationary position. For example, in *Fleisher v. City of Signal Hill*, 829 F.2d 1491, 1494–95 (9th Cir. 1987), we held that a probationary employee lacked a property interest because the city personnel rules "provide[d] that a probationary employee may be rejected at any time without right of appeal or hearing." (internal quotation marks omitted).

Palm does not argue that his probationary position as Steam Plant Maintenance Supervisor, standing alone, is vested with a protected property interest. Instead, he asserts that his prior permanent employment as Steam Plant Assistant means that the rules governing probationary employees do not apply to him—regardless of the probationary nature of his new position.

We reject Palm's argument based on the text and structure of the Los Angeles Charter, the Los Angeles Civil Service Rules, and our own precedent. As discussed, § 1011(b) of the Charter explains that one who serves, as Palm did, a "probationary period" *is* a "probationary employee." Moreover, § 7.7 of the Civil Service Rules makes clear that a permanent employee in one capacity may be a probationary employee in another: employees who are on probation are "considered automatically on leave of absence from his/her former position while serving the probationary period." That provision also states that an employee who fails probation "shall . . . be returned to the [permanent] position from which he/she is on leave." Los Angeles Civil Service Rules § 7.7. Putting it all together, if a probationary employee is by definition one who is serving a probationary period, and if a permanent employee in one capacity may serve a probationary period in another position, then the rules that apply to probationary employees govern a permanent employee's probationary term. Accordingly, contrary to Palm's contention, an employee's permanent status in one position has no effect upon his probationary status in another position.

Our decision today is consistent with our approach in *McGraw*. That case involved an employee, Patrice McGraw, who, like Palm, held a permanent position in local government within the State of California and was later promoted to a probationary position. *McGraw*, 882 F.2d at 386. Also like our case, the local personnel rules provided that a probationary employee "may be rejected at any time by the department head without cause and without the right of appeal." *Id.* at 387 (internal quotation marks omitted). However, unlike Palm, McGraw was terminated from *both* her probationary position *and* her permanent position. *Id.* at 385, 392. The question presented was whether McGraw

"had acquired a property interest in continued city employment"—i.e., employment in *some* capacity—"by the time she was summarily 'rejected.'"  *Id.* at 388.

We held that McGraw was, in fact, deprived of *some* property interest without due process of law, but we did not find a specific interest in her probationary position.  *Id.* at 392.  To the contrary, we indicated that McGraw's property interest was limited to her permanent employ: we held that an employee who has achieved permanent status in one position has "retained reasonable expectations of continued employment, *at least to continued employment in the [pre-probationary] position from which [he or she] had been promoted.*"  *Id*. (emphasis added).  Had we determined that, as Palm argues here, McGraw's permanent status imbued her probationary employment with constitutional protections, we would not have distinguished the two property interests.

* * *

Based on the plain language of the Los Angeles Charter, the Los Angeles Civil Service Rules, and our precedent, we hold that Palm lacked a protected property interest in his probationary employment as Steam Plant Maintenance Supervisor.  He therefore cannot maintain a claim under the Fourteenth Amendment based on his termination from that position and his return to his permanent position as Steam Plant Assistant.  The district court's orders granting LADWP's motion to dismiss, denying Palm leave to amend

his TAC, and denying Palm's motion for reconsideration are therefore **AFFIRMED**.[5]

---

[5] Our disposition renders it unnecessary to address the other disputed issues in this matter.