**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEYED MOHSEN SHARIFI TAKIEH, an individual, | No. 21-15326 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05878-MTL |
| v. | MEMORANDUM[*] |
| BANNER HEALTH, an Arizona not-for-profit corporation; MICHAEL O'MEARA, M.D. and Husband; JANICE COHEN DINNER, Wife; STEVEN MAXFIELD, M.D. and Husband; MICHAEL O'CONNOR, M.D. and Husband; PETER S. FINE, Husband; CHRISTOPHER VOLK, Husband | |
| Defendants-Appellees, | |
| and | |
| O'MEARA, Jane Doe O'Meara and Wife; DEAN M. DINNER, Husband; STEPHEN HU, M.D. and Husband; HU, Jane Doe Hu and Wife; MAXFIELD, Jane Doe Maxfield and Wife; JAMES LYONS, M.D. and Husband; LYONS, Jane Doe Lyons and Wife; O'CONNOR, Jane Doe O'Connor and Wife; REBECCA AILES- | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FINE, Wife; VOLK, Wife,

      Defendants.

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted December 7, 2021
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and
BENCIVENGO,[**] District Judge. Dissent by Judge BENCIVENGO.

Seyed Mohsen Sharifi Takieh (Dr. Sharifi) appeals the district court order

granting a motion to dismiss his claims brought pursuant to 42 U.S.C. § 1981. Dr.

Sharifi contends that the district court impermissibly took judicial notice of the

Arizona Superior Court's decision that substantial evidence supported Appellee-

Banner's stated reasons for terminating his Physician Services Agreement (PSA),

and erred when it gave preclusive effect to the ruling to conclude that Dr. Sharifi

failed to state a plausible claim.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo an

order granting a motion to dismiss for failure to state a claim. *See Palm v. Los*

*Angeles Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018). We review

---

[**]     The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

2

the district court's decision to take judicial notice of the Arizona Superior Court's ruling for an abuse of discretion. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995).

Because the district court's decision adhered to the United States Supreme Court's ruling in *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020), we **AFFIRM**.

**1.** Dr. Sharifi brought his claim under § 1981, which requires a showing of intentional discrimination based on race. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Under *Comcast*, race must be a but-for cause of a § 1981 plaintiff's injury. *See* 140 S. Ct. at 1013, 1019 (vacating the Ninth Circuit's ruling that a § 1981 plaintiff need only "plead facts plausibly showing that race played 'some role' in the defendant's decisionmaking process") (citation omitted).

**2.** The district court did not abuse its discretion by taking judicial notice of the Arizona Superior Court's decision upholding the termination of Dr. Sharifi's PSA. The decision is a public record whose accuracy cannot be reasonably questioned. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings . . . ").

**3.** We apply state law in determining the preclusive effect of a prior court decision. *See Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018). Under Arizona

law, the Arizona Superior Court's ruling was not entitled to preclusive effect because it resolved a different issue: whether substantial evidence supported Appellee-Banner's termination of Dr. Sharifi's PSA. *See Kulas v. Flores*, 255 F.3d 780, 783–84 (9th Cir. 2001) (concluding that an Arizona trial court's ruling on a witness tampering charge in a criminal case did not have preclusive effect in a § 1983 lawsuit alleging perjury by a police officer during his grand jury testimony because "[t]he issues in the two proceedings were entirely different"). Nevertheless, because Dr. Sharifi incorporated the Arizona Superior Court's decision into his First Amended Complaint (FAC), the decision is relevant to our determination of whether Dr. Sharifi's claims are plausible, and any error by the district court regarding the ruling's preclusive effect was "of no consequence." *Azami v. Apfel*, 24 F. Supp. 2d 1007, 1010 (C.D. Cal. 1998).

**4.** Dr. Sharifi failed to state a plausible § 1981 claim under *Comcast*. As stated above, the FAC incorporated the Arizona Superior Court's decision. In turn, the court's decision articulated three non-discriminatory grounds for the termination of Dr. Sharifi's PSA: patient care issues, alteration of medical records, and disruptive behavior. These non-discriminatory reasons render the allegation that race was the but-for cause of the termination of Dr. Sharifi's PSA implausible. *See Orellana v. Mayorkas*, 6 F.4th 1034, 1043 (9th Cir. 2021) (observing that "the

4

complaint itself undermines [plaintiff's] theory of the case and renders it implausible").

5. The allegations regarding disparate treatment of Dr. Sharifi as compared to non-Arab physicians fail to establish that race was a but-for cause of the revocation of Dr. Sharifi's PSA because the non-Arab physicians were not "similarly situated" to Dr. Sharifi. Specifically, none of these physicians generated patient care issues, altered medical records, *and* exhibited disruptive behavior. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641–42 (9th Cir. 2004), *as amended* (concluding that the plaintiff's colleagues were not similarly situated to him because one was not "involved in the same type of offense" and the other did not "engage in problematic conduct of comparable seriousness").[1]

**AFFIRMED.**

---

[1] Our colleague in dissent takes issue with the "similarly situated" requirement of our precedent. However, she cites no authority that calls into question that requirement as articulated in *Vasquez*, 349 F.3d at 641-42.

*Seyed Takieh v. Banner Health, et al*, No. 21-15326

BENCIVENGO, District Judge, dissenting:

In conducting an analysis under Rule 12(b)(6), the district court must accept the facts alleged in the complaint as true and determine whether those allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court erred by failing to accept Dr. Sharifi's factual allegations as true and instead finding Defendants' competing explanation "so convincing" as to render Dr. Sharifi's allegations of racial discrimination implausible.

A plaintiff asserting a claim under 42 U.S.C. § 1981 must identify an impaired contractual relationship under which he has rights and allege that the defendant impaired that relationship on account of intentional discrimination. *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982). The plaintiff must also show that race was a but-for cause of his injury, meaning that but for his race, he "would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Dr. Sharifi's allegations plausibly establish that Defendants' actions arose from intentional racial discrimination. Dr. Sharifi alleges that Defendants O'Connor, O'Meara, Maxfield, and Dinner made disparaging remarks motivated by racial animus toward him, some of which related to an alleged scheme to terminate Dr. Sharifi's clinical privileges at Banner. Dr. Sharifi also alleges that five other

1

non-Arab physicians at Banner committed similar patient care errors but were not reported to any medical boards or disciplined to the same degree. These allegations establish intentional discrimination based on disparate treatment, as Dr. Sharifi plausibly claims that other similarly situated physicians not of Arab descent were treated more favorably. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). The district court's holding that the non-Arab physicians needed to have committed the same three transgressions as Dr. Sharifi improperly required that the physicians be *identically* situated, rather than similarly situated.[1] This is an overly burdensome standard to impose at the pleading stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that a plaintiff need only plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the alleged wrongdoing). Moreover, Defendants' claim at oral argument that the non-Arab doctors engaged in different or less culpable conduct than Dr. Sharifi is an assertion of fact outside the complaint and cannot be considered at this stage.

---

[1] The majority cites *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641-42 (9th Cir. 2004) for the proposition that those treated more favorably had to have been "involved in the same type of offense" or have "engage[d] in problematic conduct of comparable seriousness" to be "similarly situated" to the plaintiff. However, the *Vasquez* court was considering the evidence before it at the summary judgment stage, rather than accepting the plaintiff's allegations as true as required on a Rule 12(b)(6) motion. *Vasquez* therefore is inapplicable to analysis of a motion to dismiss, which is governed by the *Iqbal*/*Twombly* standard.

Dr. Sharifi has alleged sufficient factual matters to plausibly claim his termination would not have occurred but for his race. Dr. Sharifi alleges that he was injured by Defendants' termination of his contractual relationship, that he was terminated when similarly situated physicians were not, and that Defendants would not have revoked his clinical privileges but for his race. At the pleading stage, his factual allegations are to be accepted as true. *See Iqbal*, 556 U.S. at 678. Accordingly, Dr. Sharifi's allegations are sufficient to state a claim under 42 U.S.C. § 1981. The district court should be reversed.