NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANCHO MIRAGE MOBILEHOME COMMUNITY, LP, a California limited partnership, | No. 22-55212 |
| | D.C. No. 5:20-cv-02359-JWH-SHK |
| Plaintiff-Appellant, | |
| | MEMORANDUM* |
| v. | |
| COACHELLA VALLEY WATER DISTRICT, | |
| Defendant-Appellee, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted on October 16, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF, District

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.[**]

Plaintiff Rancho Mirage Mobilehome Community, LP owns a mobile home park in Rancho Mirage, California. Defendant Coachella Valley Water District provides sewer services to the park, at a cost set by ordinance, according to a formula that incorporates a value of 55% of the customers' average daily water usage over the previous three years, divided by 200 (signifying the 200 gallons per day of indoor water usage assumed for residential customers). Contending that the ordinance's formula is an unconstitutional overcharge, plaintiff sued the Water District in federal court, alleging a violation of the Takings Clause of the Fifth Amendment and also bringing three state-law claims. The district court granted the Water District's motion to dismiss the Fifth Amendment claim under Federal Rule of Civil Procedure 12(b)(6) because the complaint failed to allege a compensable taking as a matter of law. The court declined to exercise supplemental jurisdiction over the remaining state-law claims and denied plaintiff's request for leave to amend, as well as plaintiff's later motion for reconsideration. Reviewing the Rule 12(b)(6) dismissal de novo, *see Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018), the denial of leave to amend for abuse of discretion, *id.*, and the decision not

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

to retain supplemental jurisdiction over the state-law claims for abuse of discretion, *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009), we now affirm.[1]

"The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that 'private property [shall not] be taken for public use, without just compensation.'" *Tyler v. Hennepin County*, 598 U.S. 631, 637 (2023) (quoting U.S. Const. amend. V) (alteration in original). "It is beyond dispute[,]" however, "that taxes and user fees . . . are not 'takings.'" *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 615 (2013) (alterations omitted). The Supreme Court "said as much in *County of Mobile v. Kimball*, 102 U.S. 691, 703, 26 L.Ed. 238 (1881), and [its] cases have been clear on that point ever since." *Id.* Because plaintiff's challenge is directed at the user fees that the Water District charges for its sewer services, the complaint has not alleged a "taking" compensable under the Fifth Amendment. *See id.*

In arguing to the contrary, plaintiff seizes on language from the Supreme Court's decision in *United States v. Sperry Corp.*, 493 U.S. 52 (1989), that "a reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." *Sperry*, 493 U.S. at 63. Plaintiff then argues that the fees at issue here "do not bear sufficient correlation between the charges purportedly owed to the [Water] District and the cost of providing those services." But the

---

[1] Plaintiff has not separately appealed the denial of the motion for reconsideration.

Supreme Court "has never held that the amount of a user fee must be precisely calibrated to the use that a party makes of Government services." *Id.* at 60. "Nor does the Government need to record invoices and billable hours to justify the cost of its services." *Id.* "All that" is "required is that the user fee be a 'fair approximation of the cost of benefits supplied.'" *Id.* (quoting *Massachusetts v. United States*, 435 U.S. 444, 463 n.19 (1978)).

In upholding the challenged user fee in *Sperry*, the Supreme Court emphasized that its decision in *Massachusetts* "upheld a flat registration fee assessed by the Federal Government on civil aircraft." *Id.*[2] "In holding that the registration charge could be upheld because it was a user fee . . . the Court rejected Massachusetts' argument that the 'amount of the tax is a flat annual fee and hence is not directly related to the degree of use of the airways.'" *Id.* at 61 (quoting *Massachusetts*, 435 U.S. at 463). "The Court recognized that when the . . . Government applies user charges to a large number of parties, it probably will charge a user more or less than it would under a perfect user-fee system, but [the Court] declined to impose a requirement that the Government 'give weight to every factor

---

[2] Plaintiff argues that the district court somehow violated due process by citing *Massachusetts* because neither party mentioned the case in briefing below. But plaintiff's opposition to the motion to dismiss quoted *Sperry*, which cites and relies on *Massachusetts*. In any event, there is simply no basis for the argument that due process forbids a court from citing cases other than those the parties directly cite in briefing.

affecting appropriate compensation.'" *Id.* (quoting *Massachusetts*, 435 U.S. at 468).

Indeed, "the Just Compensation Clause has never been read to require the courts to calculate whether a specific individual has suffered burdens in excess of the benefits received in determining whether a 'taking' has occurred." *Id.* at 61 n.7 (ellipses and quotation marks omitted). But such a calculation is just what plaintiff would like the courts to perform. The district court thus correctly dismissed the takings claim.[3]

Finally, the district court did not err in declining to exercise supplemental jurisdiction over the state-law claims. "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech.*, 556 U.S. at 639. Contrary to plaintiff's insinuation, there is no bright-line rule requiring a federal court to retain jurisdiction over state-law claims after all federal claims have been dismissed merely because a

---

[3] The district court was well within its discretion to deny plaintiff leave to amend the complaint, which plaintiff asked the court to do in its opposition to the motion to dismiss. Any amendment would be futile. *See Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). Plaintiff has identified no case, under any set of facts, where a court has held that a user fee for utilities is a constitutional taking. Although there may come a case where a "charge denominated by the government as a [user fee] becomes so arbitrary . . . that it was not [a user fee] but a confiscation of property[,]" *Koontz*, 570 U.S. at 617 (quotation marks omitted), the fees here—set by ordinance according to a formula that accounts for the "average daily water usage over the previous three years" for "RV/Trailer Park customers,"—"are not so clearly excessive as to belie their purported character as user fees[,]" *Sperry*, 493 U.S. at 62.

federal case has been pending for a certain time. *See id.* at 639–40. Nor is there any other basis to conclude that the district court abused its discretion.

**AFFIRMED.**