**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FEB 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA JO THURMAN-CARR,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CATHY MURILLO, et al.,<br><br>    Defendants-Appellees,<br><br> and<br><br>ALAN MALIK, et al.,<br><br>    Defendants. | No.   23-55010<br><br>D.C. No.<br>2:22-cv-06677-MCS-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted January 11, 2024[**]
Pasadena, California

Before: BOGGS,[***] RAWLINSON, and H.A. THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The City and County of Santa Barbara, California prosecuted James Carr in state court for illegally cutting down trees on public property, conducting unlawful work without a permit, vandalism, and conspiracy. While the county's criminal charges were pending, Carr filed this civil-rights action under 42 U.S.C. § 1983 and 18 U.S.C. § 1961 et seq. He is now deceased and represented in this litigation by his widow, Barbara Jo Thurman-Carr. Carr appeals the district court's grant of the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review for abuse of discretion the district court's decision to consider a motion to dismiss that does not comply with local rules. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). And we review de novo the district court's decision to grant that motion. *Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018).

1. The district court did not abuse its discretion by considering the defendants' motion to dismiss, even though the motion did not comply with the meet-and-confer requirements of the Central District of California's Local Rule 7-3. Although the rule requires parties to meet and confer at least seven days before filing a motion, a district court "*may* decline to consider a motion unless it meets the requirements" of the local rules. C.D. Cal. L.R. 7-4 (emphasis added). It need not strike every motion that was not preceded by a meet-and-confer at least seven

2

days prior to filing.

Although the defendants filed their motion to dismiss only one day after the meet-and-confer conference, the district court exercised its discretion to consider the motion. "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). This is not one of those rare cases. A meet-and-confer conference does not grant a right to any party, nor does it protect a party from unfair prejudice. Requiring parties to meet and confer before filing is simply meant to help parties resolve their dispute without a hearing, which promotes the efficient administration of justice. But by repeatedly refusing to cooperate with the defendants' efforts to meet and confer, Carr's counsel made it unnecessarily difficult for the parties to reach a resolution. So, the district court was well within its discretion when it chose, based on Local Rule 7-3's underlying goals, to consider the motion.

2.      A litigant "cannot treat the district court as a mere ill-placed bunker to be circumvented on his way to this court where he will actually engage his opponents." *Handa v. Clark*, 401 F.3d 1129, 1132 (9th Cir. 2005). Accordingly, if a party fails to object to an issue before judgment, he forfeits the right to challenge the issue on appeal. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002). Because Carr's objection to the motion to dismiss was made only on the grounds

3

that the motion did not comply with local rules, he forfeited his opportunity on appeal to contest the substance of the motion.

**AFFIRMED.**