**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, | No. 24-1419 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-00289-JCM-EJY |
| v. | MEMORANDUM[*] |
| JOSE A. RODRIGUEZ; JACOB RAMIREZ; JOSE LUIS TELLO-ROBLES, | |
| Defendants - Appellants, | |
| and | |
| NICOLE ELYSE BROOKS, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 13, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and JOHNSTONE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants-Appellants Jose A. Rodriguez, Jacob Ramirez, and Jose Luis Tello-Robles appeal the district court's entry of default judgment against defendant Nicole Brooks ("Brooks") and denial of their motion for reconsideration of that judgment. We have jurisdiction under 28 U.S.C. § 1291. We "review the grant of a default judgment for abuse of discretion." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.3d 1388, 1391 (9th Cir. 1988)). "We review a denial of a motion for reconsideration . . . for abuse of discretion." *Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) (citing *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004)). We affirm.

1. The district court properly considered the applicable *Eitel* factors in its decision to enter default judgment against Brooks, and did not abuse its discretion in entering that default. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The district court appropriately noted (1) Empire Fire and Marine Insurance Co.'s ("Empire") multiple efforts at serving Brooks; (2) Brooks' repeated evasion of service; and that (3) Empire would be prejudiced if default judgment were not entered. On appeal, Defendants-Appellants argue that Brooks' evasion of service may have been due to excusable neglect. But this argument is forfeited as they never raised any objection to Empire's motion for leave to serve Brooks by publication. *See Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) (arguments

not raised below will not be considered).

2. The district court did not abuse its discretion in denying Defendants-Appellants' motion for reconsideration. Reconsideration is appropriate in three circumstances: (1) "newly discovered evidence;" (2) "clear error" or "manifestly unjust" initial decision; and (3) an "intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). None of those circumstances apply here. Nor did the district court evidently err in its observation that Defendants-Appellants' repeat filing of such motions without leave of court and in violation of the local rules bordered on "frivolous and abusive."

**AFFIRMED.**