NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVALYN MARTINEZ, | No. 24-4419 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-09491-SVW-SK |
| v. | |
| CITY OF LOS ANGELES; K. PINA, Officer; S. BEUMER, Officer, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 14, 2025**
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Plaintiff Evalyn Martinez appeals from the district court's (1) grant of

summary judgment to Defendants Steven Beumer and Karen Pina-Ruiz on her

Fourth Amendment claims for excessive force and failure to intervene under 42

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983; (2) denial of leave to amend her complaint to add claims for unlawful entry and warrantless detention; and (3) denial of her motion for reconsideration. We review the grant of summary judgment de novo, *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015), and the denial of leave to amend and reconsideration for abuse of discretion, *Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in its treatment of the testimony from Martinez's expert, Charles Stephenson. Martinez identifies no specific instance in which the district court failed to consider Stephenson's conclusion that Beumer "took tactical command of the scene and created a volatile situation." And the district court properly excluded Stephenson's conclusion that Martinez posed no threat to Defendants as "irreconcilable with the clear-cut video evidence." *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025–26 (9th Cir. 2022) ("[A] court may reject wholly speculative or unfounded testimony" under Federal Rule of Evidence 702).

2. The district court did not err in granting summary judgment to Defendants on Martinez's excessive-force and failure-to-intervene claims because Defendants are entitled to qualified immunity. Martinez contends that the excessiveness of Defendants' use of force was clearly established by cases concerning the use of

significant force against individuals who posed no threat, did not resist arrest, or were already restrained by handcuffs. *See, e.g.*, *Young v. County of Los Angeles*, 655 F.3d 1156, 1168 (9th Cir. 2011); *Garlick v. County of Kern*, 167 F. Supp. 3d 1117, 1155 (E.D. Cal. 2016). But the video evidence and uncontroverted record clearly shows that Defendants' use of force occurred before Martinez was handcuffed and was in response to her kicking Pina-Ruiz, biting Beumer, and physically resisting arrest. Because it was not clearly established that Beumer used excessive force, Pina-Ruiz had no clearly established duty to intercede. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

3. The district court did not abuse its discretion in denying leave to amend Martinez's complaint for a second time to add claims for unlawful entry and warrantless detention. Martinez delayed seeking leave to amend until eleven days before trial and after briefing on Defendants' motion for summary judgment was complete. And allowing amendment would prejudice Defendants, either by requiring them to prepare legal defenses against two new claims shortly before trial or by delaying trial while they undertook such preparation. Therefore, by denying leave for "undue delay," "undue prejudice to the opposing party," and the "failure

to cure deficiencies by amendments previously allowed," the district court did not abuse its discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[1]

**AFFIRMED.**

---

[1] Because the district court's grant of summary judgment and denial of leave to amend were proper, it did not abuse its discretion in denying Martinez's motion for reconsideration of those decisions. *See Palm*, 889 F.3d at 1088.

24-4419