UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARRY MATTHEWS; et al.,

        Plaintiffs - Appellants,

  v.

CITY OF LOS ANGELES; et al.,

        Defendants - Appellees.

No. 23-3874

D.C. No.
2:22-cv-02944-FLA-PD
Central District of California,
Los Angeles

ORDER AMENDING
MEMORANDUM DISPOSITION

Before: CLIFTON, IKUTA, and FORREST, Circuit Judges.

Appellees' petition for rehearing (Dkt. 62) is DENIED. The memorandum disposition filed August 11, 2025, is amended as follows:

Replace the paragraph beginning on page 3, line 9 and ending on page 4, line 6, with <The district court erred in dismissing the Second Amendment claims brought by Hunn and Hearns. Hunn and Hearns plausibly allege that when they were arrested, Los Angeles issued CCW licenses only to judges and law enforcement officers (referred to herein as a "no-issue" policy). Under *Bruen*, Los Angeles's no-issue policy is unconstitutional. *See* 597 U.S. at 70. The operative complaint plausibly alleges that there were no actions Hunn and Hearns could have taken that would have allowed them to carry handguns for general self-defense in Los Angeles, because of Los Angeles's no-issue policy and the Los Angeles Police Chief's vigorous enforcement of state law criminalizing carrying handguns outside the home without a CCW license. By contrast, other local governments issue

CCW licenses upon a showing of a general need for self-defense. If Hunn and Hearns had CCW licenses, they would not have been liable under the California criminal statutes which were the bases for their arrest. Cal. Penal Code §§ 25655, 26010. Hunn and Hearns plausibly allege that Los Angeles's no-issue policy and strict enforcement of state gun control laws, *id.* §§ 25400, 25850, caused them to be arrested and detained.>

The amended memorandum disposition is filed concurrently with this order, accompanied by Judge Forrest's concurrence.

No further petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARRY MATTHEWS; DOMINIC ROSS HUNN; JAMAR HEARNS, individually and as class representatives, <br><br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; LOS ANGELES BOARD OF POLICE COMMISSIONERS, <br><br><br> Defendants - Appellees. | No. 23-3874 <br><br> D.C. No. 2:22-cv-02944-FLA-PD <br><br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted June 9, 2025
Pasadena, California

Before: CLIFTON, IKUTA, and FORREST, Circuit Judges.
Partial Concurrence by Judge FORREST.

Plaintiffs Garry Matthews, Dominic Ross Hunn, and Jamar Hearns

(collectively, appellants) sued the City of Los Angeles, the Los Angeles Police

Department, and the Los Angeles Board of Police Commissioners (collectively,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Los Angeles).  Appellants brought two causes of action pursuant to 42 U.S.C.

§ 1983 and *Monell v. Department of Social Services of the City of New York*, 436

U.S. 658 (1978), alleging Second Amendment and Fourteenth Amendment

violations as a result of Los Angeles's policy for issuing licenses to carry

concealed weapons (CCW licenses).  *See* L.A. Mun. Code § 55.01.  The district

court granted Los Angeles's motion to dismiss, and appellants appealed.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the order granting a

motion to dismiss for failure to state a claim.  *Palm v. L.A. Dep't of Water &*

*Power*, 889 F.3d 1081, 1085 (9th Cir. 2018).  We affirm in part, reverse in part,

and remand.

Appellants have standing pursuant to Article III of the United States

Constitution.  They plausibly allege that they suffered a concrete injury when they

were arrested and detained, that the cause of their injuries was Los Angeles's

licensing policy and its enforcement of state law, and that their injuries can be

redressed through the requested relief.  *See Desert Outdoors Advert., Inc. v. City of*

*Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996).  Moreover, a plaintiff need not

apply for a benefit before filing suit if doing so would be futile.  *Taniguchi v.*

*Schultz*, 303 F.3d 950, 957 (9th Cir. 2002).  Therefore, appellants have Article III

standing.

California and Los Angeles amended the applicable state and local rules

regarding CCW licenses following *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). However, because appellants were arrested prior to these amendments, we consider the then-existing, pre-*Bruen* rules in assessing their claims.[1] *Cf. Desert Outdoor Advert., Inc. v. City of Oakland*, 506 F.3d 798, 807–08 (9th Cir. 2007) (considering, in evaluating an as-applied constitutional challenge, the constitutionality of an ordinance as effective at the time the city applied the ordinance to the plaintiff, where the ordinance was amended after the alleged constitutional violation and before the court issued its decision).

The district court erred in dismissing the Second Amendment claims brought by Hunn and Hearns. Hunn and Hearns plausibly allege that when they were arrested, Los Angeles issued CCW licenses only to judges and law enforcement officers (referred to herein as a "no-issue" policy). Under *Bruen*, Los Angeles's no-issue policy is unconstitutional. *See* 597 U.S. at 70. The operative complaint plausibly alleges that there were no actions Hunn and Hearns could have taken that would have allowed them to carry handguns for general self-defense in Los Angeles, because of Los Angeles's no-issue policy and the Los Angeles Police

---

[1] We reject Los Angeles's reliance on *People v. Mosqueda*, a post-*Bruen* state case regarding the severability of the "good cause" and "good moral character" requirements of California's may-issue licensing regime. 97 Cal. App. 5th 399, 414 (2023). Severing an unconstitutional provision of a statute is a means of remedying a constitutional defect. *See Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 234 (2020). But whether an unconstitutional provision can be severed is irrelevant to the question whether that provision was enforced in an unconstitutional manner during the relevant time period.

Chief's vigorous enforcement of state law criminalizing carrying handguns outside the home without a CCW license. By contrast, other local governments issue CCW licenses upon a showing of a general need for self-defense. If Hunn and Hearns had CCW licenses, they would not have been liable under the California criminal statutes which were the bases for their arrest. Cal. Penal Code §§ 25655, 26010. Hunn and Hearns plausibly allege that Los Angeles's no-issue policy and strict enforcement of state gun control laws, *id.* §§ 25400, 25850, caused them to be arrested and detained.

The district court properly dismissed Matthews's Second and Fourteenth Amendment claims, which are barred by the applicable two-year limitations period. Cal. Civ. Proc. Code § 335.1; *see Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Matthews's claims accrued when he was arrested on September 27, 2019, and he did not sue until May 3, 2022, more than two and half years after his claims accrued. Contrary to Matthews's argument, his claims were not tolled until the dismissal of his criminal prosecution under the continuing tort doctrine, because a single incident, i.e., Matthews's arrest, was the cause of the relevant harm. *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). Because Matthews is the only plaintiff who asserts a Fourteenth Amendment claim, and the statute of limitations has run on his claim, we need not reach the merits of the Fourteenth Amendment cause of action.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[2]

---

[2]     Each party will bear its own costs on appeal.

*Matthews, et. al v. City of Los Angeles, et. al*, No. 23-3874
FORREST, J., concurring in part.

I concur in the court's standing analysis only to the extent it holds that Appellants establish causation through the futility doctrine. I otherwise concur in the court's analysis in full.