NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONNY STOREY, individually and on behalf of all others similarly situated; THE ESTATE OF TONNY STOREY,

Plaintiffs - Appellants,

v.

AMAZON.COM, INC.; AMAZON.COM SERVICES, LLC,

Defendants - Appellees.

No. 25-2539

D.C. No.
2:23-cv-01529-KKE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted May 21, 2026[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Plaintiff-Appellant the Estate of Tonny Storey seeks review of the district

court's orders dismissing with prejudice his claims against Defendant-Appellee

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Amazon.com for breach of contract and violation of Washington's Consumer Protection Act. The district court had jurisdiction under 28 U.S.C. § 1332(d)(2). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's order granting a motion to dismiss de novo. *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 (9th Cir. 2024). We review questions of state law de novo. *Palm v. Los Angeles Dep't of Water and Power*, 889 F.3d 1081, 1085 (9th Cir. 2018). We can affirm a dismissal for failure to state a claim "on any proper ground that is supported by the record." *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023).

1.      The district court properly dismissed the breach of contract claim for failure to state a claim. To state a claim for breach of contract, a plaintiff must allege (1) a valid contract, (2) a breach of duty arising under that contract, and (3) resulting damage. *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Washington follows the objective manifestation theory of contracts, where courts "determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Hearst Communications, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). Thus, "the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." *Id.*

Storey's complaint alleges that "[t]he Conditions of Use, Delivery Guarantees, and Guaranteed Delivery Terms and Conditions provide the terms of a contract or contracts under which the Plaintiff and Proposed Class members paid Amazon for a Guaranteed Delivery date and/or time." The "Delivery Guarantees" page to which Storey's Complaint points indicates that "[w]hen guaranteed delivery is available on an order, we'll state this on the checkout page." Storey concedes that his checkout page "did not contain the 'guaranteed' notation referenced."

Storey argues that the bullet-point list in Amazon's Guaranteed Delivery Terms and Conditions sets forth eight exclusive elements required for guaranteed delivery. Storey points to this language as establishing the list's exclusivity: "The following requirements must be met to qualify for a delivery guarantee refund." But what he neglects to mention is that just above that sentence and below the page title, it reads "*If we provide a guaranteed delivery date on the checkout page*, your shipping fees may be refunded if we miss our promised delivery date." Both the Delivery Guarantees and Guaranteed Delivery Terms and Conditions show the checkout page requirement, which Storey concedes does not apply to his order.

Storey challenges the district court's citation to Amazon's "Help" page in reaching this conclusion, but that Help page only reiterates what the Delivery Guarantees and Terms and Conditions state. Storey wrongly focuses his arguments on the Help page's language and incorporation, rather than the pages he alleged

3                                                          25-2539

"provide the terms of [the] contract." And because Amazon's Conditions of Use (that Storey also relies on) clarify that Amazon "makes no representations or warranties of any kind . . . unless otherwise specified in writing," Amazon had no duty to deliver Storey's package at a certain time under the contract.

Storey's alternative argument that Amazon never offers guaranteed delivery likewise fails. It would be a "classic speculative conclusion," *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018), because the "standard checkout form" is for the same product Storey ordered, and it is undisputed that guaranteed delivery is only available for select items. Storey's subjective belief about guaranteed delivery is "irrelevant" because "the intent can be determined from the actual words used." *Hearst Communications*, 115 P.3d at 267.

We also affirm the district court's dismissal on the grounds that the contract does not provide for "automatic refunds," but explains how customers can request one. Storey conceded below that "he never requested a refund." He argued that he did not need to request one by pointing to Amazon's Delivery Guarantees page, which states that "[i]f we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order." It is unclear whether this provision guarantees an automatic refund. Nowhere in the contract does it state that an "automatic" refund (as a self-executing duty) is required by Amazon. And the Terms and Conditions that Storey relies on affirmatively

4                                                                25-2539

instruct consumers on how they can "inquire about a refund of the shipping fees you paid on this order." Storey's allegations that Amazon has a self-executing duty for an automatic refund does not square with the language of the contract. Reading the terms in Storey's favor would rewrite the contract, which we decline to do. *Wagner v. Wagner*, 621 P.2d 1279, 1283 (Wash. 1980) ("Courts can neither disregard contract language which the parties have employed nor revise the contract under a theory of construing it.").

2. The district court properly dismissed Storey's CPA claim. To state a claim for violations of the Washington Consumer Protection Act, "a CPA claimant must establish five elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017) (citation omitted). "All elements must be present; a finding that any element is missing is fatal to the claim." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. Ct. App. 1997) (citation omitted).

Addressing the last element first, the district court rightly held that Storey's claim lacks causation. Even if we assumed a deceptive act or practice had been adequately pled, "because Storey did not request a refund, his injury could not be linked to Amazon's alleged act or practice of refusing to provide refunds for late deliveries upon request." Storey concedes in his Reply Brief that "if Tonny were

required to request a refund to be eligible for guaranteed delivery, he could not establish the causation component of his CPA claim." Accordingly, Amazon was not required to automatically refund Storey's shipping fee and explained how he could receive it under the contract's Terms and Conditions. Thus, the CPA claim also fails. *See Whiteman Tire*, 935 P.2d at 635.

We reject Storey's argument that Amazon's inclusion of a time window is deceptive, as it induces consumers to pay an extra shipping fee by making them believe their order will be delivered within the selected window. Courts understand reasonable consumers to have read the terms of the contracts, *Skagit State Bank v. Rasmussen*, 745 P.2d 37, 39 (Wash. 1987), including for CPA claims, *see, e.g.*, *Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *7 (W.D. Wash. July 18, 2023). The terms contemplate Storey's situation and offer a remedy that is neither unfair nor deceptive.

**AFFIRMED.**