**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DANIEL B. MARTIN,

        Plaintiff - Appellant,

  v.

INTERNATIONAL ORGANIZATION OF
MASTERS, MATES & PILOTS;
MATSON NAVIGATION COMPANY,
INC.,

        Defendants - Appellees.

No. 25-829

D.C. No.
3:23-cv-04859-RFL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Submitted June 10, 2026[**]
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

    Daniel Martin appeals from the district court's judgment dismissing his claim

under 42 U.S.C. § 1985(3) against the International Organization of Masters, Mates

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

& Pilots ("the Union") and Matson Navigation Company, Inc., for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo an order granting a motion to dismiss. *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 (9th Cir. 2024) (citing *Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018)). "When conducting this review, we accept all nonconclusory factual allegations in the complaint as true." *Id.*

"To state a claim for conspiracy" under § 1985(3), "a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam) (citation modified). A "class" is cognizable under § 1985(3) "only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks omitted) (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). That means that the class must have received either (a) a designation by the courts that the class is "a suspect or quasi-suspect classification requiring more

exacting scrutiny" or (b) federal legislation indicating that the class requires "special protection." *Id.* (quoting *Schultz*, 759 F.2d at 718).

Martin has failed to establish the existence of any right protected against private encroachment. Even assuming a fundamental constitutional right to refuse vaccination, Martin points to no authority—and we have found none—suggesting that such a right is protected against both private and official encroachment. That failure is fatal to Martin's claim. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 277–78 (1993).

**AFFIRMED.**